# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KATHERINE HAMPTON** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:22-cv-00083** |
| | § | |
| **WILLIAM HEFNER &** | § | |
| **QUALITY CARRIERS, INC.** | § | **JURY DEMANDED** |

## DEFENDANT WILLIAM HEFNER AND QUALITY CARRIERS, INC.'S NOTICE OF REMOVAL

Defendants **WILLIAM HEFNER and QUALITY CARRIERS, INC.**, ("Defendants"), files their Notice of Removal of this action from the 407th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendants rely upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1.      On August 16, 2021, Plaintiff Katherine Hampton filed her original petition in the 407th Judicial District Court, Bexar County, Texas captioned *Katherine Hampton v. William Hefner & Quality Carriers, Inc.*, Cause Number 2021CI16582 (the "State Court Action").

2.      Citation for the State Court Action was served on Removing Defendant William Hefner on January 8, 2022. *See* Exhibit A-4.

3.      Citation for the State Court Action was served on Removing Defendant Quality Carriers, Inc. on January 6, 2022. *See* Exhibit A-5.

## II.
## BASIS FOR REMOVAL

4. Pursuant to 28 U.S.C. §1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." This Court has original jurisdiction over this State Court Action because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. The Plaintiff seeks monetary relief of over $250,000.00 but less than $1,000,000.00. *See* Exhibit A-1, page 5. This evidence clearly demonstrates that the amount in controversy in this case greatly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum.

6. Plaintiff was, at the time of the filing of this action, and has been at all times since, an individual residing in and a citizen of the State of Texas. *See* Exhibit A-1, page 1.

7. Defendant William Hefner was, at the time of the filing of this action, and has been at all times since, an individual residing in and a citizen of the State of Missouri. *See* Exhibit A-1, page 1; Defendant Hefner was personally served with Plaintiff's Original Petition at his residence in Missouri. *See* Exhibit A-4.

8. Defendant Quality Carriers, Inc. at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of Florida and a citizen of the State of Illinois. *See* Exhibit B. A corporation is a citizen of every state and foreign state by which it has been incorporated, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)1. Despite being incorporated in the State of Illinois, its principal place of business in the State of Florida. *See* Exhibits B & C. Quality Carriers, Inc.'s principal office, as

well as all of its officers and directors, are located in the State of Florida. *See Id.* Defendant is not a "citizen" of the State of Texas and does not have a principal place of business in the State of Texas.

9. The parties to this action are citizens of different states for removal purposes. Plaintiff is an individual who is a citizen of the State of Texas. *See* Exhibit A-1. Removing Defendant William Hefner is a citizen of the State of Missouri. Quality Carriers, Inc. is a corporation incorporated in the State of Illinois, with its principal place of business in Florida, and as such is a citizen of Illinois and of Florida. Quality Carriers, Inc. does not have a principal place of business in the State of Texas. Removing Defendants are not citizens of the State of Texas.

10. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

11. This Notice of Removal is filed within thirty (30) days after service of the State Court Action on Removing Defendants, after having received information sufficient to determine that the case was removable. This Notice of Removal is also being filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

12. This suit may be properly removed to this Court under 28 U.S.C. § 144l(a) because this suit was pending in a state court located within the judicial district of the United States District

Court for the Western District of Texas, San Antonio Division. *See* Plaintiffs' Original Petition, Exhibit A-1.

13. In accordance with 28 USC § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 407th Judicial District Court, Bexar County, Texas.

14. Defendants consent to the removal of this matter to Federal Court as evidenced by their counsel's signatures to this pleading.

15. Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

16. Defendant reserves the right to amend or supplement this Notice of Removal.

17. The following are included in the Appendix filed contemporaneously with this Notice of Removal, as required by 28 U.S.C. § 1446(a):

(a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b) a copy of the docket sheet in the State Court Action;

(c) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d) a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

18. Additionally, Removing Defendant has filed herewith a list of all counsel of record, including the addresses, telephone numbers and the parties represented.

## IV.
## JURY DEMAND

19. Removing Defendant hereby makes this Demand for a Jury trial.

## V.
## PRAYER

20. For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully requests this case be placed on the docket of the United States District Court for the Western District of Texas, San Antonio Division, as though it had originally been instituted in this Court.

Dated: February 1, 2022.

          Respectfully submitted,

          **BROCK ♦ GUERRA**
          **STRANDMO DIMALINE JONES, P.C.**
          17339 Redland Road
          San Antonio, Texas 78247-2304
          (210) 979-0100 Telephone
          (210) 979-7810 Facsimile

BY: _____
          JOHN A. GUERRA
          State Bar No. 08576180
          Email: jguerra@brock.law
          A. J. DIMALINE IV
          State Bar No. 05879075
          Email: adimaline@brock.law

          **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on this 1st day of February, 2022, to:

| | |
|---|---|
| David L. Treat (Of Counsel) | Fax No. 210/568-8419 |
| Davis Law Firm | Email: davidt@davislaw.com |
| 10500 Heritage Blvd. Suite 102 | |
| San Antonio, Texas 78216 | |

_____
JOHN A. GUERRA
A. J. DIMALINE IV