PRIVATE PROCESS

**Case Number: 2021CI16582**

| | |
|---|---|
| KATHERINE HAMPTON VS WILLIAM HEFNER ET AL<br>(Note: Attached Document May Contain Additional Litigants) | IN THE **407TH DISTRICT COURT**<br>BEXAR COUNTY, TEXAS |

**CITATION**

DELIVERED
11/4/22
By PSCRBMST,
Austin Process, LLC

"THE STATE OF TEXAS"

Directed To:  **QUALITY CARRIERS INC**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**DBA CDC-LAWYERS INCO**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **PLAINTIFF'S ORIGINAL PETITION** was filed **on this the 16th day of August, 2021.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT on this the 5th day of January, 2022.

**DAVID LAWRENCE TREAT**
**ATTORNEY FOR PLAINTIFF**
**10500 HERITAGE ST 102**
**SAN ANTONIO TX 78216-3616**



**Mary Angie Garcia**
**Bexar County District Clerk**
101 W. Nueva, Suite 217

San Antonio, Texas 78205
By: /s/ **Janel Gutierrez**
Janel Gutierrez, Deputy

---

| KATHERINE HAMPTON VS WILLIAM HEFNER ET AL | Case Number: 2021CI16582<br>407th District Court |
|---|---|

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20____ at _____ o'clock ____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY: 

_____
OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

EXHIBIT A-1

FILED
8/16/2021 10:09 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

# 2021CI16582

CAUSE NO._____

| KATHERINE HAMPTON | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | Bexar County - 407th District Court |
| V. | § | _____ JUDICIAL DISTRICT |
| WILLIAM HEFNER & | § | |
| QUALITY CARRIERS, INC. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Plaintiff Katherine Hampton ("Hampton"), complaining of Defendants William Hefner ("Hefner") & Quality Carriers, Inc. ("QCI"), and for cause of action would respectfully show unto the Court as follows:

### I.
### PARTIES

Plaintiff resides in Bexar County, Texas.

Defendant Hefner, is an individual residing in Missouri. Service of process regarding this lawsuit may be made, on Defendant, at his place of residence located at 5122 Ashwood Ave., Ashwood, MO 65619.

Defendant, QCI, is a Corporation with its principal place of business located at 1208 E. Kennedy Blvd., Ste. 132, Tampa, Florida 33602. QCI, may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inco at 211 E. 7th St., Ste. 620, Austin, Texas 78701. ISSUANCE and SERVICE of citation over both Defendants is requested at this time.

Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiffs seek a discovery control

1

plan under Level 3.

## II.
## JURISDICTION AND VENUE

The accident made the basis of this suit occurred in Bexar County, Texas.

Venue for this cause is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code as all or substantially all activities or omissions that gave rise to the cause of action occurred in Bexar County.

## III.
## MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## IV.
## FACTS

Plaintiff brings this lawsuit to recover damages arising out of an automobile/commercial motor vehicle collision which occurred on or about January 23, 2021. On this date, the Plaintiff was a passenger in a vehicle operated by Chad Martinez, who was operating that vehicle in a lawful manner, when it was struck by a commercial motor vehicle driven by Defendant, Hefner, while he was operating the commercial motor vehicle in the course and scope of his employment with Defendant, QCI. Specifically, Plaintiff was following behind the vehicle driven by Hefner on I-10 westbound when traffic came to a standstill. On two occasions Hefner rolled backwards down the hill and rammed into the stopped vehicle in which Plaintiff was a passenger.

At all times relevant to this suit Hefner was working in the course and scope of his employment with Defendant, QCI. Accordingly, Plaintiff alleges that Defendant, QCI, is vicariously liable for all acts and/or omissions of Defendant, Hefner.

# V.
# DAMAGES

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to her body. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her, to suffer consequences and ill effects of this deterioration throughout her body in the future. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

1. Reasonable medical care and expenses in the past;

2. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

5. Physical impairment in the past;

6. Physical impairment, which will, in all reasonable probability, be suffered in the future;

7. Lost wages in the past;

8. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

9. Mental anguish in the past;

10. Mental anguish which will, in all reasonable probability be suffered in the future;

11. Disfigurement;

12. Loss of household services.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is $250,000 to $1,000,000. Plaintiff reserves the right to amend this amount.

## VI.
## NEGLIGENCE OF DEFENDANT HEFNER

Plaintiff would show that on the subject occasion, Defendant Hefner, was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

a.  Failing to maintain a proper lookout;

b.  In operating the vehicle in willful and wanton disregard for the safety of persons and property;

c.  In failing to timely and/or properly apply the brakes so as to avoid running into Plaintiff's vehicle;

d.  In operating the vehicle in a careless and unsafe manner;

e.  Allowing his vehicle to roll backwards on an interstate highway;

f.  Failing to use the reasonable care that an ordinary driver would use in attempting to avoid a dangerous situation on the roadway;

g.  Failing to use the reasonable care that a professional driver of commercial vehicles would use when he failed to maintain proper attention while operating the truck on a highway;

h.  Failing to use the reasonable care that a professional driver would use when he failed to take proper evasive action to avoid colliding with the Plaintiff's vehicle;

      i.      Failing to use the reasonable care that a professional driver of commercial vehicles would use when he operated the truck in contravention of safe industry practices and in a manner which he knew or should have known created an extreme risk of serious injury or death;

Defendant, Hefner, operated the truck in an unsafe manner, and the truck presented an unreasonable risk of serious injury or death. Defendant, QCI driver's negligent acts and/or omissions were the direct and proximate cause of the collision as were the various negligent actions and/or omissions of Defendant, QCI, as described below.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, which proximately caused the collision and injuries and other losses to the Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is $250,000 to $1,000,000. Plaintiff reserves the right to amend this amount.

## VII.
## NEGLIGENCE OF DEFENDANT QCI

At the time of the occurrence of the act in question and immediately prior thereto, Defendant, Hefner, was driving a truck owned by Defendant QCI.

a. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Hefner was engaged in the furtherance of Defendant, QCI business and/or was in the course and scope of his employment with it.

b. Plaintiff invokes the doctrine of *respondeat superior* against Defendant QCI.

   c. Defendant is liable under the doctrine of *respondeat superior* in that Defendant, Hefner was operating a vehicle in the course and scope of his employment with Defendant QCI.

   d. Defendant QCI is also negligent in one or more of the following respects:

      (a) Negligent hiring of its driver;

      (b) Negligent training;

      (c) Negligent supervision;

      (d) Negligent retention;

      (e) Defendant QCI failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

      (f) Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

   e. As described herein, Defendant QCI, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

## VIII.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that she is entitled to pre-judgment interest under the Laws of the State of Texas.

## IX.
## REQUEST FOR DISCLOSURE

Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within 30 days of the Defendant's answer, the information and material described in each section of RULE 194.2.

6

## X.
## JURY DEMAND

Plaintiff demands a jury trial and tenders the fee with the filing of this petition.

## XI.

### NOTICE OF INTENT TO USE RULE 193.7

Pursuant to rule 193.7 of the Texas Rules of Civil Procedure, any documents produced by the plaintiff or defendants may be used in any pretrial proceeding or at trial. Production of any documents, in response to any requests herein, authenticates the document(s) for use against all parties in any pretrial proceeding or at trial unless, within ten (10) days after receipt of the responses (including supplemental or amended responses) you object to the authenticity of any documents produced, or any part thereof, stating the specific basis for the objection to requests for production to the defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause, she have and recover judgment against the Defendants, for the following:

    a.    Actual damages in an amount that is [range]. Plaintiffs reserve the right to amend this amount;

    b.    Pre-judgment interest at the legal rate and post-judgment interest at the legal rate until the judgment is paid in full;

    c.    For all costs of Court; and

    d.    For such other and further relief to which Plaintiffs are justly entitled, at law and in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 568-8419

By: _____
**David L. Treat (Of Counsel)**
State Bar No. 20205300
ATTORNEYS FOR PLAINTIFF
e-mail: davidt@davislaw.com